# EXHIBIT "2"

# COPY

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 31 2017

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

**BY FAX**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## LIMITED JURISDICTION

| | |
|---|---|
| NIKKI GIAVASIS, | ) CASE NO.: |
| | ) |
| Plaintiff, | ) COMPLAINT 17STLC00562 |
| | ) 1. Violation of Fair Credit Reporting |
| -vs- | ) Act |
| | ) 2. Violation of California Consumer |
| | ) Credit Reporting Agencies Act |
| ON-SITE MANAGER, INC.; DOES 1-10 | ) |
| inclusive, | ) (Amount Not to Exceed $10,000) |
| | ) |
| Defendant. | ) **Jury Trial Demanded** |

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant'
violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), and the
California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25, *et seq.*
(hereinafter "CA CCRA"), both of which regulate the collection, dissemination, and use of
consumer information, including consumer credit information.

///

///

## II. PARTIES

2.      Plaintiff, NIKKI GIAVASIS ("Plaintiff"), is a natural person residing in LOS ANGELES County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1681a and *Cal. Civ. Code* §1785.3(a).

3.      At all relevant times herein, Defendant, ON-SITE MANAGER, INC.. ("Defendant"), was a company who regularly provides information to consumer reporting agencies, and is therefore an "information furnisher" as defined by the FCRA and CCRAA. Defendant is a consumer reporting agency, and is also a "person" as defined by *Cal. Civ. Code* §1785.3(j).

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report.  Defendant misrepresented, and continue to misrepresent, on one or more of Plaintiff's accounts.

5.      Plaintiff has repeatedly been denied opportunities to rent an apartment due to Defendant's erroneously reporting on her credit history.

6.      Defendant failed to reasonably investigate and remove derogatory credit information on Plaintiff's account, resulting in actual harm to Plaintiff in the form of being denied the opportunity to rent an apartment she otherwise would be able to rent.

7.      On or about June 7, 2017, Plaintiff disputed the reporting with Defendant. However, Defendant has failed to respond favorably, if at all, to Plaintiff's dispute.

8.      Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

9.      The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

10. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

11. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown

12. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

13. At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

14. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
   b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

15. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

16. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

17. As a result of the above violations of the FCRA and CA CCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental

anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

18.   Plaintiff reincorporates by reference all of the preceding paragraphs.

19.   To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

      A.   Actual damages;
      B.   Statutory damages for willful and negligent violations;
      C.   Costs and reasonable attorney's fees; and,
      D.   For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

20.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.   California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

22.   Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

23.   Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)   Actual damages;

(b)     Statutory damages;
(c)     Costs and reasonable attorney's fees;
(d)     For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 31st day of July, 2017.

By:     _____
        Todd M. Friedman, Esq.
        Law Offices of Todd M. Friedman, P.C.
        Attorney for Plaintiff